# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

UNITED STATES OF AMERICA,

Plaintiff,

vs.

BRIAN KEITH WRIGHT, et al.,

Defendants.

Case No. 2:17-cr-00160-JAD-VCF

**ORDER**

This matter involves the Government's prosecution of Defendants Brian Keith Wright, Deandre Brown, and Aquail Harris for the armed robbery of a jewelry store. Wright and his associates were charged with (1) one count of Interference with Commerce by Robbery in violation of 18 U.S.C. §§ 1951 and 2; (2) one count of Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; and (3) one count of Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. § 1951. (*See* ECF No. 49).

Before the Court is Wright's Motion to Sever Defendant Wright and to Set Trial After All Other Defendants (ECF No. 71). The Government opposed (ECF No. 73); Wright did not reply. For the reasons stated below, Wright's motion is denied.

## I. LEGAL STANDARD

Rule 8(b) of the Federal Rules of Criminal Procedure permits the joinder of defendants who have allegedly participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses. Codefendants jointly charged are, prima facie, to be jointly tried. (*See United States v. Mariscal*, 939 F.2d 884, 885 (9th Cir. 1991); *see also* 1A Charles Alan Wright et al., *Federal Practice and Procedure (Criminal)*, § 223 (4th ed. 2017) ("once defendants are properly joined under Rule 8(b), courts routinely apply the presumption that parties who are indicted together should be tried

together.")).  This rule "should be construed broadly in favor of initial joinder."  (*See United States v. Ford*, 632 F.2d 1354, 1373 (9th Cir. 1981)).  Joinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence.  (*See United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994)).  There is a strong preference for joint trials because separate trials would "impair both the efficiency and the fairness of the criminal justice system" by requiring the United States to "bring separate proceedings, presenting the same evidence again and again[.]"  (*See Richardson v. Marsh*, 481 U.S. 200, 210 (1987)).  Joint trials also serve the interests of justice "by avoiding the scandal and inequity of inconsistent verdicts."  (*See id.* at 211; *see also Zafiro v. United States*, 506 U.S. 534, 537 (1993)).

The Ninth Circuit has repeatedly stated that a joint trial is particularly appropriate in a conspiracy case where the evidence of the individual conspirators' conduct and statements in furtherance of the conspiracy are admissible against all of the defendants charged in the conspiracy.  (*See United States v. Hernandez*, 952 F.2d 1110, 1114–15 (9th Cir. 1991); *see also United States v. Freeman*, 6 F.3d 586, 598 (9th Cir. 1993); *United States v. Cruz*, 127 F.3d 791, 799 (9th Cir. 1997); 1A Wright et al., *supra*, § 226 ("there is a strong preference for joint trials in conspiracy cases.")).

Fed. R. Crim. P. 14(a) states that if joinder of offenses or defendants for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires.  To obtain severance, a defendant must satisfy the "heavy burden" of showing that prejudice would result from joinder.  (*See United States v. Sitton*, 968 F.2d 947, 961 (9th Cir. 1992); *United States v. Vaccaro*, 816 F.2d 443, 448 (9th Cir. 1987)).  The Supreme Court in *Zafiro* stated that "[d]efendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."  (*See Zafiro*, 506 U.S. at 540).  Severance should only be granted where there is a serious risk that a joint trial would either compromise a specific constitutional right of one of

2

the defendants or prevent the jury from compartmentalizing the evidence as it relates to individual defendants. Even where the risk of prejudice seems high, such risk can often be cured by "less drastic measures, such as limiting instructions." (*See id*. at 539; *see also* 1A Wright et al., *supra*, § 223 ("the courts have great faith in the efficacy of cautionary jury instructions in mitigating any prejudice that might otherwise arise.")).

The Ninth Circuit has developed a four-part test to aid the district court's determination of whether severance should be granted. These factors include: (1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether the defendants can show with some particularity, a risk that joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. (*See United States v. Hernandez-Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008) (citing *United States v. Sullivan*, 522 F.3d 967, 981-82 (9th Cir. 2008))). The most important factors are whether the jury can compartmentalize the evidence against each defendant and the judge's diligence in providing evidentiary instructions to the jury. (*See Sullivan*, 522 F.3d at 981-82).

## II. DISCUSSION

As a preliminary matter, the Court cannot help but comment on the glaring drafting error on the first page of Wright's Motion. (*See* ECF No. 71 at 1). The Caption on Wright's Motion reads "Motion to Sever Defendant Wright and to Set Trial After ALLL [Sic] Other Defendants." (*Id*.). However, the first paragraph states that "WRIGHT … through … appointed counsel … timely files this MOTION TO COMPEL PRODUCTION OF GRAND JURY TRANSCRIPTS REGARDING THE INDICTMENT IN

THE INSTANT MATTER." (*Id*.). Given the content of the motion, the Court concludes that this is a Motion to Sever and not a request for Grand Jury transcripts.

Defendant Wright's Motion to Sever does not dispute that joinder under Fed. R. Crim. P. 8(b) was proper. Indeed, Wright's Motion acknowledges that "all three defendants are charged with the same three counts relating to the same robbery that allegedly occurred on January 3, 2017." (*See* ECF No. 71 at 4). Wright's Motion instead argues that he "may be entitled to severance of his trial" for two reasons. First, Wright asserts that the Government informed his counsel that the Government intends to amend the instant Indictment to add new allegations of different events or crimes. (*Id*.). According to Wright, it is not known whether all three defendants will be charged with the same counts once the new charges are added. (*Id*. at 2). Second, Wright claims that the Government also advised his Counsel that co-defendants Brown and Harris may have obtained suitable offers for a change of plea, acceptance of which would make this Motion moot. (*Id*. at 4). But Wright argues that if Brown and Harris do not accept the plea deals and new and additional events are charged against some but not all defendants, then severance of the defendants is proper. (*Id*. at 4-5).

The Government responds that Wright's Motion is "premature and predicated on speculation as to who will or will not be charged in a future indictment or superseding indictment …." (*See* ECF No. 73 at 1). The Court agrees.

It is not disputed that Wright is properly joined with Brown and Harris under the Indictment as it stands. And when defendants have been properly joined, severance under Rule 14 will be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." (*See Zafiro*, 506 U.S. at 539; *see also* 1A Wright et al., *supra*, § 223 ("once defendants are properly joined under Rule 8(b), courts routinely apply the presumption that parties who are indicted together should be tried together.")). To be

sure, the Government acknowledges that it did advise Wright's Counsel that "there may be additional charges filed against Defendant Wright." (*See* ECF No. 73 at 1, n.1). Wright's argument, however, is premature and, at this point, based on speculation regarding the charges in the anticipated superseding indictment. The Government also argues that the "speculation that in the event the United States supersedes and adds additional charges that Defendant Wright may not be charged is … inaccurate …." (*See* ECF No. 73 at 8). Wright did not file a reply to rebut the Government's position. Wright has not met his burden to show "that joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever." (*See United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980)). Nor has Wright demonstrated with particularity that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

ACCORDINGLY,

IT IS ORDERED that Defendant Brian Keith Wright's Motion to Sever Defendant Wright and to Set Trial After All Other Defendants (ECF No. 71) is DENIED.

DATED this 11th day of August, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE