|     |                              |                              |
| --- | ---------------------------- | ---------------------------- |
|     | **UNITED STATES DISTRICT COURT** | |
|     | **DISTRICT OF NEVADA**       |                              |

| United States of America, | 2:17-cr-00160-JAD-VCF-1 |
| --- | --- |
| Plaintiff | **Order Overruling Objection** |
| v. | [ECF No. 119] |
| Brian Keith Wright, | |
| Defendant | |

Defendant Brian Wright was indicted on several counts relating to a jewelry-store robbery that occurred on January 3, 2017. Wright moved to compel disclosure of the grand-jury transcript, arguing that "it is highly questionable of [sic] exactly what evidence the Government relied on to obtain an indictment against [Wright]."[1] According to Wright, his name was not mentioned in any of the police reports, and the only known evidence connecting him to the robbery—his cell phone's location minutes prior to the robbery and a communication between Wright and a co-defendant ten days after the robbery—is too weak to support these charges.[2] Magistrate Judge Cam Ferenbach found that Wright did not demonstrate a particularized need for production that outweighed the need to keep the transcripts secret and denied the motion.[3] Wright objects to Judge Ferenbach's ruling and asks me to reconsider it. After reviewing Judge Ferenbach's decision for clear error, I overrule Wright's objection and affirm Judge Ferenbach's ruling denial.

---

[1] ECF No. 98 at 4.

[2] *Id.* at 5.

[3] ECF No. 108.

**Discussion**

**A.      Standard of review**

Wright suggests that I should review Judge Ferenbach's ruling for an abuse of discretion.[4] That is the standard that the Ninth Circuit applies when reviewing a district judge's order denying the compelled disclosure of grand jury testimony. But I review an analogous magistrate judge order for whether it is clearly erroneous or contrary to law.[5] "A magistrate judge's order is 'clearly erroneous' if the [reviewing] court has a 'definite and firm conviction that a mistake has been committed.'"[6] I "may affirm, reverse, or modify, in whole or in part, the magistrate judge's order."[7]

**B.      Compelling disclosure of grand jury transcripts**

The Federal Rules of Criminal Procedure requires that grand jury transcripts be kept secret "[u]nless [the] rules provide otherwise."[8] The Rules allow a court to authorize disclosure to "a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury,"[9] but the defendant must show a "particularized need" that outweighs the need for secrecy.[10] "Parties seeking grand jury transcripts under Rule 6(e) must

---

[4] ECF No. 119 at 5 (citing *United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009); *United States v. Nash*, 115 F.3d 1431, 1440 (9th Cir. 1997); *United States v. Perez*, 67 F.3d 1371, 1380 (9th Cir. 1995)).

[5] *See* FED. R. CIV. P. 72(a).

[6] *United States v. Desage*, 229 F. Supp. 3d 1209, 1213 (D. Nev. 2017) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[7] L.R. IB 3-1.

[8] FED. R. CRIM. P. 6(e)(2)(B).

[9] FED. R. CRIM. P. 6(e)(3)(E)(ii).

[10] *Pittsburgh Plate Glass Co. v. U.S.*, 360 U.S. 395, 399 (1959); *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958).

show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed."[11]

C.  **Reviewing Judge Ferenbach's order**

Wright wants the grand jury transcripts so that he "may properly move to dismiss the indictment against him."[12] Wright basically argues that the evidence of his involvement in the robbery—that has been disclosed to him—is too weak to justify charges against him, so something "questionable" must have been disclosed during the grand jury proceedings.[13] And that "questionable" occurrence will presumably serve as a basis for dismissing the indictment.[14]

But "a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence. . . . A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence."[15] "If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed."[16] And "[m]ere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the particular need required to outweigh the policy of grand jury secrecy."[17]

Magistrate Judge Ferenbach clearly applied the correct legal standards to Wright's

---

[11] *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

[12] ECF No. 98 at 8.

[13] *Id.* at 4–5; ECF No. 119 at 5.

[14] ECF No. 98 at 8.

[15] *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (internal citations omitted).

[16] *Costello v. United States*, 350 U.S. 359, 363 (1956).

[17] *United States v. Ferreboef*, 632 F.2d 832, 835 (9th Cir. 1980) (citing *United States v. Rubin*, 559 F.2d 975, 988 (5th Cir. 1977), *vacated on other grounds*, 439 U.S. 810 (1978); *United States v. Dixon*, 538 F.2d 812, 814 (9th Cir. 1976); *United States v. King*, 478 F.2d 494, 507 (9th Cir. 1973)) (internal quotations omitted).

compelled-disclosure motion, and he reasonably concluded that Wright had failed to demonstrate a particularized need for disclosure that outweighed the need for secrecy, especially when Wright's purported agenda is to move to dismiss the indictment based on insufficient evidence or speculative, "questionable" conduct. Wright failed to satisfy his burden in his initial motion to compel, and he fails to show that Judge Ferenbach's decision was clearly erroneous or contrary to law.[18]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Wright's objection **[ECF No. 119]** to Judge Ferenbach's order **[ECF No. 108] is OVERRULED**, and Judge Ferenbach's order denying to compel disclosure of the grand jury transcripts is **AFFIRMED**.

DATED: January 25, 2018.

_____
U.S. District Judge Jennifer A. Dorsey

---

[18] Even if I were to apply an abuse-of-discretion standard, I would reach the same conclusion: Wright has not shown that he should get access to the grand jury transcript, and the magistrate judge properly reached that conclusion.