**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:17-cr-00160-JAD-VCF |
| vs. | **ORDER** |
| BRIAN KEITH WRIGHT, | MOTION TO SUPPRESS [ECF NO. 131] |
| Defendant. | |

Before the Court is Defendant Brian Wright's Motion to Suppress Evidence Obtained from February 9, 2017 Court Order. (ECF No. 131). For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

Defendant faces charges arising from two robberies in January 2017 by several suspects. (ECF No. 109). Investigators determined that DeAndre Brown, a co-defendant in this case, was likely involved in the robberies and obtained the Call Detail Records (CDRs) for his phone. (ECF No. 132-1 at 3). The CDRs showed that Brown's phone had contact with Defendant's phone. (*Id.*).

The Government applied for a court order to obtain information from Defendant's phone service provider including records for incoming and outgoing calls and the phone's location from January 2017. (*Id.* at 2). In support of their application, the Government stated, "Analysis of the CDR records revealed substantial contact between Brown's number and [Defendant's phone number] before, during and after the January 13th robbery at the M.J. Christensen Diamond Center." (*Id.* at 3). In addition, "Wright's probation officers have had frequent contact with Wright via [his phone number] prior and subsequent to

the aforementioned January 13th armed robbery." (*Id.*). The Nevada State Court granted the application. (ECF No. 132-2).

Defendant now moves for evidence obtained via the order to be suppressed. (ECF No. 131). In his motion, Defendant argues obtaining information from his phone required a search warrant supported by probable cause. (*Id.* at 5). In response, the government argues it followed the proper standard under 18 U.S.C. § 2703 to obtain a court order for production of a cell phone carrier's business records containing historical cell site location information. (ECF No. 138 at 3). 18 U.S.C. § 2703 requires a showing of specific and articulable facts rather than probable cause. (*Id.* at 3-6). In reply, Defendant asserts that the Government's application for a court order failed to provide specific and articulable facts as required under 18 U.S.C. § 2703.[1] (ECF No. 146 at 2-5).

## DISCUSSION

The Fourth Amendment protects the right of people to be secure against unreasonable searches and seizures. Though the Fourth Amendment does not specifically preclude admission of evidence obtained in violation of its provisions, the courts have established "an exclusionary rule that, when applicable, forbids the use of improperly obtained evidence at trial." *Herring v. United States*, 555 U.S. 135, 139-40 (2009). Obtaining a warrant generally requires a showing of probable cause. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). However, under 18 U.S.C. § 2703(d) a court order for information regarding an electronic communication will issue "if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that…the records or other information sought, are relevant and material to an ongoing criminal investigation."

The Ninth Circuit has not ruled on whether historical cell site location information can be obtained under 18 U.S.C. § 2703(d) or whether a search warrant is required. However, many districts, including the District of Nevada, have ruled that an order under 18 U.S.C. § 2703(d) can be used to obtain historical

---

[1] Though the Court need not address arguments raised for the first time in a reply brief, *United States v. Gianelli*, 543 F.3d 1178, 1184 n.6 (9th Cir. 2008), the Court will rule on this issue.

cell site location information. *See United States v. Anderson*, No. 2:15-cr-00200-KJD-PAL, 2016 WL 4191045, at *8 (D. Nev. Apr. 27, 2016), *report and recommendation adopted,* No. 2:15-cr-00200-KJD-PAL, 2016 WL 4180965 (D. Nev. Aug. 5, 2016); *United States v. Gray*, No. CR-15-08076-PCT-DGC, 2017 WL 3675383, at *6 (D. Ariz. Aug. 25, 2017). The Court notes that the order in this case was obtained in Nevada State Court. (ECF No. 132-2). Nevada has ruled that the "'specific and articulable facts' standard under § 2703(d) is sufficient to obtain historical cell phone information because a defendant has no reasonable expectation of privacy in business records made, kept, and owned by his or her cell phone provider." *Taylor v. State*, 371 P.3d 1036, 1043 (2016).

Because an order under 18 U.S.C. § 2703(d) is sufficient to obtain information regarding Defendant's phone calls, the Court must determine whether the Government demonstrated specific and articulable facts in its application. The burden can be likened to a *Terry* stop, "requiring that the government show 'reasonable grounds'" that the records are related to the crime being investigated. *In re Applications of the United States of Am. for an Order Pursuant to 18 U.S.C. § 2703(d)*, 206 F. Supp. 3d 454, 455-56 (D.D.C. 2016); *see also Pittman v. Smith*, 210 F.3d 384 (9th Cir. 2000).

The Court finds the Government demonstrated sufficient specific and articulable facts to obtain an order under 18 U.S.C. § 2703, though it is a close call. The Government stated that a phone associated with another suspect in the robberies had "substantial contact" with Defendant's phone "before, *during* and after the January 13th robbery." (ECF No. 132-1 at 3, emphasis added). It is reasonable to conclude that a phone call made *during* a robbery is related to that robbery. In addition, the Government alleged that Defendant had consistent control of his phone during the relevant timeframe, as his probation officers had frequent contact with Defendant through his phone. (*Id.*). Based on these statements, there were sufficient grounds for the Court to grant the Government's application for an order under 18 U.S.C. § 2703.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Defendant's Motion to Suppress Evidence Obtained from February 9, 2017 Court Order (ECF No. 131) is DENIED.

DATED this 16th day of April, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE