**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>BRIAN KEITH WRIGHT,<br><br>            Defendant. | Case No. 2:17-cr-00142-JAD-VCF<br>Case No. 2:17-cr-00160-JAD-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>MOTIONS TO DISMISS [2:17-CR-00142, ECF NO. 72; 2:17-CR-00160, ECF NOS. 175 AND 180] |

Before the Court are Defendant Brian Wright's Motions to Dismiss in two cases. (2:17-cr-00142, ECF No. 72; 2:17-cr-00160, ECF Nos. 175 and 180).[1] For the reasons stated below, Defendant's motions should be denied.

**BACKGROUND**

Defendant's two current cases are not his first experience in federal court. Defendant was previously charged in case 2:14-cr-00357 in connection with robberies taking place in 2014. (ECF No. 26). Defendant pled guilty to being a felon in possession of a firearm, and all other counts related to the robberies were dismissed as part of a plea deal. (ECF No. 303). Defendant sees his previous and current cases as federal investigators, specifically Agent Christopher McPeak, obsessively harassing him with false charges. (2:17-cr-00160, ECF No. 175 at 2-4; ECF No. 180 at 2-7). Defendant previously published a YouTube video about the first robbery case, "lambasting the government for its treatment of him." (ECF No. 175 at 2).

In 2017, while Defendant was on probation from his previous case, the Government allegedly connected him to a string of robberies taking place at the same locations as the robberies in the previous

---

[1] Two of the motions are identical. (2:17-cr-00142, ECF No. 72; 2:17-cr-00160, 180). For ease of reference, the Court will focus on the motions filed in 2:17-cr-00160, though Defendant's arguments apply to both cases.

1

case. (ECF No. 197 at 2-3). The Government suspects that Defendant masterminded the robberies in a conspiracy with his codefendants in case 2:17-cr-00160. (*See* ECF No. 163 at 1; ECF No. 175 at 3).

Defendant was arrested on February 10, 2017. (ECF No. 197 at 3-4). However, Defendant's arrest was not directly in connection with the 2017 robberies. The Government had an arrest warrant issued for alleged violations of Defendant's probation in case 2:14-cr-00357. (2:17-cr-00160, ECF No. 197 at 3-4). The service of the federal arrest warrant was coordinated with a state search warrant, obtained by McPeak, for evidence relating to the alleged parole violations. (ECF No. 180 at 36-48). While federal and local officers jointly executed the warrants, Defendant backed into a law enforcement vehicle with his vehicle. (ECF No. 175 at 3-4).

Defendant has now been charged in two cases. In 2:17-cr-00142, Defendant is charged with Impeding or Interfering Certain Officer of Employees based on Defendant's actions on February 10, 2017. (ECF No. 7). In 2:17-cr-00160, Defendant is charged with Interference with Commerce by Robbery, Use of a Firearm During and in Relation to a Crime of Violence, and Conspiracy to Interfere with Commerce by Robbery in connection with the 2017 robberies. (ECF No. 109). The indictment gives the dates and places of the robberies, but it makes no mention of what role any particular defendant allegedly played in the robberies. (*Id.*). The Government asserts that Wright's fingerprint has been found on a bag containing items recovered from one of the robberies. (ECF No. 197 at 14).

In his motions to dismiss, Defendant argues the indictment in 2:17-cr-00160 is not sufficiently specific because it does not allege the particulars of the robbery scheme the Government is accusing him of. (ECF No. 175 at 4-6; ECF No. 210 at 3-4). Defendant also asserts that the new charges against him are the result of vindictive prosecution and prosecutorial misconduct. (ECF No. 175 at 6-8; ECF No. 180 at 7-15; ECF No. 210 at 4-7). The Government argues that the robbery indictment is sufficient and there has been no vindictive prosecution or other misconduct in these cases. (ECF No. 197 at 8-15).

# ANALYSIS

## I.     Sufficiency of the Indictment

"In judging the sufficiency of the indictment we look to 'whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case.'" *United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016) (quoting *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982)). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (quoting *United States v. Bailey,* 444 U.S. 394, 414 (1980)). An indictment need not include the "method" by which the charged crime was committed. *Calderon v. Prunty,* 59 F.3d 1005, 1009 (9th Cir.1995).

The indictment in 2:17-cr-00160 is sufficiently detailed. It informs Defendant of the charges against him—robbery, use of a firearm, and conspiracy. It lists the dates and locations of the robberies Defendant is accused of participating in. These are sufficient facts for Defendant to plead an acquittal or conviction in bar of future prosecutions for the same offenses. The Government is not required to detail the exact method by which the Defendant and his codefendants allegedly participated in the robberies.[2] Therefore, the Court should deny Defendant's motion to dismiss based on this argument.

## II.    Vindictive Prosecution and Prosecutorial Misconduct

Defendant argues there are five pieces of evidence demonstrating vindictive prosecution and prosecutorial misconduct in these cases: (1) the involvement of McPeak in both the 2014 and 2017 cases,

---

[2] Defendant cites a case where the indictment was "so vague that trial might have proceeded upon an entirely different concept of the scheme than that contemplated by the grand jury." (2:17-cr-00160, ECF No. 175 at 5). The case dealt specifically with an indictment for a "scheme or artifice to defraud, or to obtain money or property by means of false pretenses, representations or promises. "*United States v. Curtis*, 506 F.2d 985, 990 (10th Cir. 1974). Concern over the different forms that a complicated fraud scheme may take is not at issue in these cases.

(2) the Government obtaining a state search warrant for use in a federal case, (3) Defendant's YouTube video, (4) a newspaper article regarding Defendant's cases, and (5) Defendant's fingerprint allegedly connected to the robberies. (ECF No. 175 at 6-8; ECF No. 180 at 7-15; ECF No. 210 at 3-7).[3] Because Defendant uses this evidence to support both his vindictive prosecution and prosecutorial misconduct arguments, the Court will analyze the arguments together.

A due process violation from vindictive prosecution arises out of "the danger that the State might be retaliating against the accused for lawfully attacking his conviction." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). In asserting that a prosecution is vindictive, "[a] defendant has the burden of proof and must establish either (1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness." *United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991). In addition, "[a] district court may dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation [or, i]f the conduct does not rise to the level of a due process violation, the court may nonetheless dismiss under its supervisory powers." *United States v. Chapman*, 524 F.3d 1073, 1084 (9th Cir. 2008) (quoting *United States v. Barrera–Moreno,* 951 F.2d 1089, 1091 (9th Cir.1991)).

McPeak's involvement in both the 2014 and 2017 cases is not evidence of vindictive prosecution. Defendant essentially argues that McPeak is seeking revenge for Defendant avoiding conviction on the majority of counts brought against him in 2014. (2:17-cr-00160, ECF No. 175 at 1-3). However, Defendant is not currently being charged for the 2014 robberies. Case 2:17-cr-00160 is based on entirely new robberies. Whether the prosecution arises from "events separate and distinct from those on which

---

[3] Defendant also appears to argue that there is insufficient evidence against him regarding the robbery charges. (ECF No. 210 at 12-13). "[A] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence. … A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (internal citations omitted).

the earlier prosecutions were based…is one of the key indicia scrutinized by courts when confronted with a claim of vindictive prosecution." *United States v. Robison*, 644 F.2d 1270, 1272-73 (9th Cir.1981). Defendant's prosecution is now based on his alleged connection to the 2017 robberies, not the 2014 robberies.[4] Though McPeak was and is involved in both the 2014 and 2017 cases, he is not the sole driving force behind the cases currently before the Court, and his involvement is not enough to convince the Court that these cases are the result of one man's obsession with Defendant.[5]

Assuming *arguendo* that McPeak should have obtained a federal search warrant under Federal Rule of Criminal Procedure 41 rather than a state search warrant, this would not justify dismissing the indictments against Defendant. Suppressing evidence, which would only be the first step in evaluating whether the cases should be dismissed,

> obtained through a search that violates Federal Rule of Criminal Procedure 41 is required only if: 1) the violation rises to a "constitutional magnitude;" 2) the defendant was prejudiced, in the sense that the search would not have occurred or would not have been so abrasive if law enforcement had followed the Rule; or 3) officers acted in "intentional and deliberate disregard" of a provision in the Rule.

*United States v. Martinez-Garcia*, 397 F.3d 1205, 1213 (9th Cir. 2005) (quoting *United States v. Crawford*, 657 F.2d 1041, 1047 (9th Cir.1981)). McPeak gave plausible reasons for obtaining a state search warrant, and it does not appear that obtaining the state search warrant allowed for a more abrasive or invasive search that a federal search warrant would have allowed. (*See* 2:17-cr-00160, ECF No. 180-

---

[4] In fact, the Court granted a motion in limine to preclude the Government from introducing extrinsic evidence of the 2014 robberies at trial. (ECF No. 163).

[5] For example, though McPeak was the one to obtain the search warrant executed on February 10, 2017, the application had to be screened by a Judge (2:17-cr-00160, ECF No. 180-1 at 46-47), and afterwards another Judge concluded by a preponderance of the evidence that McPeak violated the terms of his probation, including commission of a crime (2:14-cr-00357, ECF No. 344).

1 at 36-48). In addition, McPeak's reasoning behind obtaining the state search warrant demonstrates that it was not the product of vindictive prosecution or prosecutorial misconduct.

While Defendant argues that his YouTube video about the first robbery case "lambasting the government for its treatment of him" (ECF No. 175 at 2) motivated prosecution of the current cases against him, there is no evidence of this. "The mere fact that [a] prosecution followed the exercise of certain…rights in other, unrelated cases is insufficient to raise the appearance of vindictiveness." *United States v. Robison*, 644 F.2d 1270, 1273 (9th Cir.1981). There is no evidence connecting the Government to the video's removal from YouTube. (ECF No. 180 at 4).

Defendant next argues that the Government has wrongfully leaked information to the Las Vegas Review Journal to taint a future grand jury and secure convictions in the current cases. (ECF No. 180 at 10-11). However, the article appears to summarize statements made by the Government in its filings and in the courtroom. (ECF No. 180-1 at 71-73). Defendant fails to explain how statements made on the record in a case and quoted by a newspaper have been improperly "leaked."

Defendant finally argues that the Government falsified the identity of the fingerprint linked to the robberies that the Government claims belongs to Defendant. (ECF No. 180 at 13-15). In support of this argument, Defendant provides two pieces of evidence: (1) reports on the fingerprint were initially dated January 13, 2017 but were altered on February 17, 2017 and October 26, 2017 (ECF No. 180 at 7, 13-15); and (2) Defendant's expert concluded that analysis of the print was "inconclusive" and could not say with certainty that the print belonged to Defendant (ECF No. 180-1 at 68-69). Neither of these pieces of information demonstrates vindictive prosecution or prosecutorial misconduct. According to Defendant's own argument, the Las Vegas Metropolitan Police Department ran subsequent tests on the fingerprint as additional potential suspects were identified (ECF No. 180 at 13-15), so the reports being updated is not

inherently suspicious.[6] It is also not a red flag that there are competing opinions regarding the fingerprint. "Weighing the credibility of conflicting expert witness testimony is the province of the jury." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184, 1192 (9th Cir. 2000).

Taken together, Defendant's five pieces of evidence do not indicate vindictive prosecution or prosecutorial misconduct severe enough to dismiss these cases. The charges against Defendant in the cases before the Court are based on Defendant's alleged conduct in 2017, not 2014. The Government has provided sufficient evidence to justify its prosecution up to this point. Therefore, Defendant's motions to dismiss should be denied.

ACCORDINGLY, and for good cause,

IT IS RECOMMENDED that Defendant's Motions to Dismiss (2:17-cr-00142, ECF No. 72; 2:17-cr-00160, ECF Nos. 175 and 180) be DENIED.

DATED this 20th day of July, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[6] Defendant's argument regarding the chain of custody is better addressed at trial, as the Government will have to make a sufficient showing of the evidence's authenticity before the evidence is admitted. *See United States v. Harrington*, 923 F.2d 1371, 1374 (9th Cir. 1991).