# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BRIAN KEITH WRIGHT,

    Defendant.

Case No. 2:17-cr-00160-JAD-VCF

**ORDER**

MOTION TO LIFT SEPARATES [ECF NO. 233]

Before the Court is Defendant Brian Wright's Motion to Lift the Separates. (ECF No. 233). For the reasons stated below, Wright's motion is granted in part.

Wright and several co-defendants were charged in connection with a string of robberies in 2017. (ECF No. 109). The United States Marshal Service imposed a separation between Wright and co-defendant Deandre Brown while they are detained pending trial. (ECF No. 238).

Wright now moves for the Court to allow him to correspond with his co-defendants. (ECF No. 233). Wright asserts that the separation "is clear proof that the government is keeping all co-defendants away from Wright in order [to] use trickery and try to get these co-defendants to work with the government and implicate Wright on these crimes." (*Id.* at 1). The Government "submits that Wright and Brown…have been appropriately separated while in custody pending trial" but "does not oppose the separation being lifted for the limited purpose of meeting in the presence of counsel for defendant Brown." (ECF No. 238 at 2).

Wright cites no authority granting him the right to correspond with his co-defendants while he is detained. Courts have recognized the discretion the United States Marshal Service uses in "matters involving the day-to-day custody and transportation of prisoners." *Kakas v. U.S. Gov't*, No. CIV.A. 87-

1624, 1988 WL 21837, at *1 (E.D. Pa. Mar. 4, 1988); *see also Saunders v. United States*, 502 F. Supp. 2d 493, 496 (E.D. Va. 2007); *Moyers v. Shudan*, No. 3:07-cv-393, 2009 WL 1813969, at *2 (E.D. Tenn. June 24, 2009). In addition, co-defendants can be ordered to refrain from contacting each other pending trial either during release (*United States v. Gotti*, 634 F. Supp. 877, 891 (E.D.N.Y.), *aff'd*, 794 F.2d 773 (2d Cir. 1986); *United States v. Drummond*, 967 F.2d 593 (9th Cir. 1992) (unpublished table opinion)) or detention (*United States v. Vole*, 435 F.2d 774, 778 (7th Cir. 1970); *United States v. Gustafson*, No. CR 14-27-M-DLC, 2014 WL 3778994, at *1 (D. Mont. July 31, 2014); *Koubriti v. Rojo*, No. CIV.A. 05-CV-74343-D, 2007 WL 2178331, at *9 (E.D. Mich. July 27, 2007)).

However, criminal defendants representing themselves must have reasonable access to the resources necessary to prepare their defense. *Milton v. Morris*, 767 F.2d 1443, 1445 (9th Cir. 1985). Wright is representing himself and has indicated that he seeks to contact his co-defendants in order to defend himself against the Government's charges. The Court finds that allowing Wright to speak with co-defendants in the presence of the co-defendants' counsel will provide Wright with a meaningful opportunity to prepare his defense.

ACCORDINGLY, and for good cause,

IT IS ORDERED that Wright's Motion to Lift the Separates (ECF No. 233) is GRANTED IN PART. The separation is lifted for the limited purpose of meeting in the presence of counsel for the co-defendants.

DATED this 26th day of September, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE