# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>Plaintiff<br><br>v.<br><br>Brian Keith Wright,<br><br>Defendant | Case No.: 2:17-cr-00160-JAD-VCF<br><br>**Order Overruling Objections<br>to Magistrate Judge's Order and<br>Denying Motion to Suppress**<br><br>[ECF Nos. 131, 148, 184] |

Defendant Brian Keith Wright is charged in the January 2017 armed robberies of two jewelry stores. At trial, the government intends to present cellular-phone records obtained by court order in February 2017 under the Stored Communications Act (SCA), which required only an application with "specific and articulable facts showing that there are reasonable grounds to believe that . . . the records . . . are relevant and material to an ongoing criminal investigation."[1] Wright moved to suppress those records, arguing that their acquisition should have required a warrant.[2] Magistrate Judge Ferenbach denied the motion in April of this year because courts in this state and district had consistently held that the SCA's specific-and-articulable-facts standard applied to such records, and the investigator's application satisfied it.[3] Wright objects.[4]

The United States Supreme Court held this summer in *Carpenter v. United States* that "acquisition of . . . cell-site records [is typically] a search within the meaning of the Fourth

---

[1] 18 U.S.C. § 2703 *et seq.*; *Taylor v. State*, 371 P.3d 1036, 1043 (Nev. 2016), cert. denied, 137 S. Ct. 633 (2017). *See* application and order at ECF Nos. 132-1, 132-2.

[2] ECF No. 131.

[3] ECF No. 148.

[4] ECF No. 184. Though the objection is not timely, I consider its merits in the interest of justice.

Amendment" that requires a warrant,[5] validating the notion that this invasion of privacy required more process than the SCA afforded. But because the government obtained Wright's cellular records pre-*Carpenter* and in reasonable reliance on the order issued under the SCA, I conclude that the good-faith exception to the warrant requirement spares this evidence from exclusion.

**Background**

Brian Wright and a handful of co-defendants are charged with interference with commerce by robbery, brandishing a firearm, and conspiracy to interfere with commerce by robbery for the January 3, 2017, armed robbery of a Jared's The Gallery of Jewelry store, and the January 13, 2017, armed robbery of an MJ Christensen Jewelers store—both in Las Vegas, Nevada.[6] In the course of investigating these robberies, FBI Special Agent Christopher McPeak applied to a Nevada state court judge under the SCA for an order directing T-Mobile USA to provide the January 2017 cell phone records for Wright's phone.[7] The judge found "specific and articulable facts sufficient to form a reasonable belief that the information sought [wa]s relevant and material to an ongoing criminal investigation pursuant to the authority of . . . 18 U.S.C. § 2703, et. al., *Smith v. Maryland*, 442 U.S. 853 (1979), and *United States v. New York Telephone Company*, 434 U.S. 159 (1977)," and issued the order on February 9, 2017.[8] The resulting records place Wright's phone in the vicinity of co-defendant DeAndre Brown during the MJ Christensen heist.[9]

---

[5] *Carpenter v. United States*, 138 S. Ct. 2206 (June 22, 2018).
[6] ECF No. 109 (superseding indictment).
[7] ECF No. 132-1.
[8] ECF No. 132-2 (emphasis added).
[9] ECF No. 131 at 2.

Wright moved to suppress those records, arguing that he has a reasonable privacy expectation in them and that the government should have needed a warrant to obtain them.[10] He adds that the good-faith exception should not apply because the information in McPeak's affidavit fell short of the probable-cause mark.[11] The magistrate judge denied the motion on April 16, 2018, reasoning that "Nevada has ruled that the 'specific and articulable facts' standard under § 2703(d) is sufficient to obtain historical cell phone information" under the third-party doctrine.[12] And, though it was "a close call," he found that "the Government demonstrated sufficient specific and articulable facts to obtain an order under 18 U.S.C. § 2703."[13]

Wright objects, reiterating his original arguments.[14] Before the government responded to that objection, the United States Supreme Court handed down the *Carpenter* decision, in which it held for the first time that the acquisition of historical cell site records is a Fourth Amendment search that requires a warrant or an exception to the warrant requirement.[15] In its response, the government argued that *Carpenter* changes nothing here because when McPeak sought and obtained the order for Wright's cellular phone records in February 2017, "the law in this district and in state courts in Nevada" required only an application under the SCA and its less-than-probable-cause standard, and because law enforcement reasonably relied in good faith on that law and the state court's order, the good-faith exception recognized in *United States v. Leon*

---

[10] *Id*. at 3.
[11] *Id*. at 7.
[12] ECF No. 148 at 3.
[13] *Id*.
[14] ECF No. 184.
[15] *Carpenter*, 138 S. Ct. at 2221.

3

saves Wright's records from suppression.[16]  Wright replies that the good-faith exception does not apply because McPeak's application lacked facts necessary to satisfy the SCA, and he suggests baldly that McPeak and the prosecution have it out for him, so they are "fabricating evidence."[17]  In light of the material change in the law since the magistrate judge's order, I review these suppression issues de novo.[18]

## Discussion

The premise of the magistrate judge's order denying Wright's motion to suppress is that cellular phone records in the hands of a third party were not protected by the Fourth Amendment, so the law did not require a warrant to obtain them—just a court order under the SCA.[19]  But *Carpenter* changed the analysis that must be applied to Wright's arguments.  In it, the High Court held that "an order issued under Section 2703(d) of the [Stored Communications] Act is not a permissible mechanism for accessing historical cell-site records," so law enforcement must "get a warrant" to compel "a wireless carrier to turn" them over.[20]  Post-*Carpenter*, there is no question that law enforcement needs a warrant to get historical cell-site records.

---

[16] ECF No. 200 (citing *United States v. Leon*, 468 U.S. 897 (1984)).

[17] ECF No. 205.  Wright's bald, nonsequitur claim that he is being framed or that this case is the result of retaliation and fabricated evidence, *see* ECF No. 205 at 4, is belied by the sworn statements of three of Wright's co-defendants who have directly implicated Wright and described his detailed involvement in these robberies in the factual admissions supporting their guilty pleas.  *See* 2:17-cr-00160-JAD-VCF, ECF Nos. 191 (Harris), 252 (Whitley); 2:18-cr-00323-JAD-GWF, ECF No. 94 (Christopher).

[18] Whether I consider Wright's suppression motion de novo, or review the magistrate judge's order de novo, *see* LR IB 3-2(b); 28 U.S.C. § 636(b)(1)(B), or under the more deferential "clearly erroneous or contrary to law" standard, *see* LR IB 3-1; 28 U.S.C. § 636(b)(1)(A), I reach the same conclusion: *Carpenter* requires a material change in the analysis—but not the ultimate outcome—of Wright's suppression motion.

[19] ECF No. 148.

[20] *Carpenter*, 137 S. Ct. at 2221.

But the confirmation of a Fourth Amendment privacy interest in cellular-phone data does not mean that all such records obtained pre-*Carpenter* automatically must be excluded from trial. The exclusionary rule is a judicially created remedy and not "a personal constitutional right of the party aggrieved."[21] It is not "designed to 'redress the injury' occasioned by an unconstitutional search."[22] Rather, its "sole purpose . . . is to deter future Fourth Amendment violations."[23] "Police practices trigger the harsh sanction of exclusion only when they are deliberate enough to yield 'meaningful' deterrence, and culpable enough to be 'worth the price paid by the justice system.'"[24] "Where suppression fails to yield 'appreciable deterrence,' exclusion is 'clearly unwarranted.'"[25]

As the Supreme Court recognized in *Davis v. United States*, the exclusionary rule's deterrent purpose is not fostered when evidence is "obtained during a search conducted in reasonable reliance on binding precedent."[26] In *Davis*, the Court considered whether a gun found during the search of a car should have been suppressed. Though the search comported with then-existing precedent, the Supreme Court revised the rule for searching an automobile incident to a recent occupant's arrest while Davis's appeal was pending, and the search was unconstitutional under the new test.[27] When considering whether that constitutional error necessitated

---

[21] *Lingo v. City of Salem*, 832 F.3d 953, 958 (9th Cir. 2016) (quoting *United States v. Calandra*, 414 U.S. 338, 348 (1974)).

[22] *Davis v. United States*, 564 U.S. 229, 236 (2011) (quoting *Stone v. Powell*, 428 U.S. 465, 486 (1976)).

[23] *Id.* (quoting *Herring v. United States*, 555 U.S. 135, 144 (2009)).

[24] *Id.* at 240.

[25] *Id.* at 237 (quoting *United States v. Janis*, 428 U.S. 433, 454 (1976)).

[26] *Id.* at 241.

[27] *Id.* at 236.

5

suppression, the Court reasoned that the "absence of police culpability" meant that the only thing deterred by excluding the gun would be "conscientious police work,"[28] and that "is not the kind of deterrence the exclusionary rule seeks to foster."[29] So the *Davis* court extended the good-faith exception and held that "[e]vidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule."[30]

The circumstances under which Wright's cellular-phone records were obtained dictate that the good-faith exception saves this evidence from the harsh effects of the exclusionary rule.[31] McPeak applied to a state-court judge under the SCA for an order directing T-Mobile to

---

[28] *Id.* at 240–41.

[29] *Id.* at 241.

[30] *Id.*; *see also id.* at 249 ("That sort of blameless police conduct, we hold, comes within the good-faith exception and is not properly subject to the exclusionary rule.").

[31] This conclusion is consistent with that reached by the handful of courts—which include the Second, Fourth, Seventh, and Eleventh Circuits—to consider this issue. Each has found that the good-faith exception applies to historical cell-site data obtained with a pre-*Carpenter* order issued under the SCA. *See, e.g.*, *United States v. Curtis*, 901 F.3d 846, 849 (7th Cir. 2018) (concluding "that even though it is now established that the Fourth Amendment requires a warrant for the type of cell-phone data present here, exclusion of that information was not required because it was collected in good faith"); *United States v. Zodhiates*, 901 F.3d 137, 143 (2d Cir. 2018) (holding that suppression was not required despite *Carpenter* because the good-faith exception applied); *United States v. Joyner*, 899 F.3d 1199, 1205 (11th Cir. 2018) (finding that "the Government complied with the requirements of the SCA in obtaining the orders to compel cell site records, and when they did so in June 2015, that warrantless procedure was, under this Court's precedent, within the bounds of the Fourth Amendment. Thus . . . under the *Leon* exception to the warrant requirement, the district court's denial of the motions to suppress is not reversible error"); *accord United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018), *cert. denied*, 2018 WL 3892873 (Oct. 1, 2018); *United States v. Lewisbey*, 2018 WL 4616361, at *3 (N.D. Ill. Sept. 26, 2018) (reasoning that "because the government obtained Defendant's CSLI in a manner it believed at the time was constitutional, the good-faith exception to the exclusionary rule would likely apply to any motion to suppress"); *United States v. Rojas-Reyes*, 2018 WL 3439092, at *4 (S.D. Ind. July 17, 2018) (holding that "[b]ased on the legal precedent and the Stored Communications Act, in this case, the Government acted in an objectively reasonable manner and in good faith in 2016 when it applied for and secured § 2703 orders from the Magistrate Judge"); *see also United States v. Williams*, 2018 WL 4623017, *5 (E.D.N.Y. Sept. 26, 2018) (denying motion for new trial premised on *Carpenter*-based claim that counsel was ineffective for failing to get SCA-ordered cell phone records suppressed, reasoning that "[t]he

release the records.[32] That judge concluded that the information in McPeak's application met the SCA's specific-and-articulable-facts standard and issued the order.[33] That order was issued 16 months before *Carpenter* and less than a year after the Nevada Supreme Court held that "that the 'specific and articulable facts' standard under § 2703(d) is sufficient to obtain historical cell phone information because a defendant has no reasonable expectation of privacy in business records made, kept, and owned by his or her cell phone provider."[34] So, the binding—and fresh—appellate precedent in the jurisdiction that issued the SCA order for Wright's cellular-phone records expressly authorized the procedure that McPeak utilized. To apply the exclusionary rule here would "penalize the officer for the appellate judges' error."[35]

And the thinness of the information in McPeak's application for the order directing T-Mobile to produce Wright's cellular-phone information is no obstacle to my conclusion that the good-faith exception saves that evidence from suppression. Under the SCA, "law enforcement need[ed] only show that the cell-site evidence might be pertinent to an ongoing investigation—a 'gigantic' departure from the probable cause rule."[36] McPeak made that showing with his factual summary of the connection between DeAndre Brown and the phone number known as Wright's "before, during, and after the January 13th robbery at the M.J. Christensen Diamond Center."[37]

---

good faith exception applies to any potential Fourth Amendment violation committed by the government in obtaining these records without a search warrant").

[32] ECF No. 132-1.
[33] ECF No. 132-2.
[34] *Taylor*, 371 P.3d at 1043.
[35] *Davis*, 564 U.S. at 241 (quoting *Illinois v. Krull*, 480 U.S. 340, 350 (1987)).
[36] *Carpenter*, 138 S. Ct. 2221 (quoting the Government's brief, App. 34).
[37] ECF No. 132-1 at 2–3.

7

Although that showing "falls well short of the probable cause required for a warrant,"[38] it was the showing required by binding precedent at the time Wright's records were obtained, and McPeak and the issuing judge reasonably relied on that precedent. The good-faith exception thus protects these records from exclusion.

## Conclusion

IT IS THEREFORE ORDERED that Wright's **objections [ECF No. 184] are OVERRULED** and Wright's Motion to Suppress Evidence Obtained from February 9, 2017, Court Order **[ECF No. 131] is DENIED**.

Dated: October 17, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[38] *Carpenter*, 138 S. Ct. at 2221.