# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Brian Keith Wright,

    Defendant

Case No.: 2:17-cr-00160-JAD-VCF

**Order Denying Motion
to Recuse**

ECF No. 304

Defendant Brian Keith Wright is charged in the January 2017 armed robberies of two jewelry stores, and—after seven continuances and Wright's "ready-for-trial" announcement at calendar call—trial is scheduled to begin tomorrow. Wright, who has chosen to represent himself, maintains that he has been falsely accused. He theorizes that law enforcement has it out for him because he beat a 2014 robbery case in this district[1] and then posted a video to YouTube in which he lambasted the U.S. Attorney's Office and law enforcement, so they're falsely pinning the 2017 robberies on him purely to retaliate. Wright's motion to dismiss for vindictive prosecution and prosecutorial misconduct was denied,[2] and he has been repeatedly cautioned that he will not be permitted to present his conspiracy theory as a defense at trial.[3]

---

[1] *United States v. Wright*, 2:14-cr-357-APG-VCF. He ultimately pled guilty in that case under a plea agreement to one count of being a felon in possession of a firearm. *See* ECF No. 303 (judgment) in 2:14-cr-357-APG-VCF.

[2] ECF No. 223 (order denying motions to dismiss).

[3] *See United States v. Armstrong*, 517 U.S. 456, 463 (1996) ("A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution.").

Wright's vindictive-prosecution motion leveled accusations of misconduct against the law-enforcement agents and agencies responsible for his arrest, the prosecution, the media, the district judge originally assigned to his 2014 case, and Magistrate Judge Ferenbach.[4]  His accusations become increasingly serious and disparaging as trial in this case approaches.  They also get more preposterous.  Earlier this month, Wright began accusing his standby counsel of conspiring with the prosecution.[5]  And now, on the eve of trial, Wright moves to disqualify me[6] claiming, "Dorsey herself is conducting herself as if she has a personal vendetta against Wright" as evidenced by my rulings on motions[7] and Wright's belief that I am now "lieing [sic] on the record to cover up the misconduct that has taken place."[8]  He concludes that "Judge Dorsey has been acting as an A.U.S.A. in this case and is doing everything possible to make sure Wright is convicted," and he asks that I be removed from this case to "let a judge that is fair and not personally working with the government take over the case."[9]

### Discussion

Wright's dissatisfaction with me boils down to this: he maintains that this prosecution is vindictive, and Wright is frustrated that I have not granted him relief on that basis.[10]  His

---

[4] ECF Nos. 175, 180 (motions); 213 (report and recommendation).

[5] ECF No. 280.

[6] He also seeks to disqualify me from his other case in which he is awaiting sentencing and has a motion for new trial pending.  *See United States v. Wright*, 2:17-cr-142-JAD-VCF.

[7] ECF No. 304 at 13.

[8] *Id*. at 16.

[9] *Id*. at 23.  Wright has also directed a copy of this motion to Chief Judge Navarro, but as the Ninth Circuit held in *Miles v. Ryan*, 697 F.3d 1090, 1090 (9th Cir. 2012), "[u]nder this Circuit's procedures, . . . each judge may decide for himself or herself whether recusal is appropriate."

[10] A significant portion of Wright's "Motion to disqualify and or recuse Judge Dorsey from both of Wright's cases" consists of his attempt to reargue events that occurred outside of this case and points raised in Wright's unsuccessful motion to dismiss for vindictive prosecution or new arguments on the same theme.  I decline this opportunity to reconsider any portion of that prior

frustration grows as we get closer to trial and I repeatedly remind him that the law does not

permit him to present his vindictive-prosecution theory as a defense at trial, and I issue additional

rulings that he disagrees with based on his untrained sense of how these proceedings should go.[11]

To be sure, this jurist is not "working" for the government or with the goal of a

conviction for Wright. Nor do I have a vendetta against Wright or any of the other 130 criminal

defendants currently assigned to me.[12] Each time I issue a ruling that is unfavorable to Wright or

I remind him of the procedures and rules that will apply at trial, he interprets these acts and

statements as bias against him or my cooperation with the prosecution. His ire has only

---

ruling, *see* ECF No. 223, and Wright has not demonstrated any basis for reconsideration. I
continue to disagree with Wright's characterization of the evidence and background of this case,
but this trial eve is long past the time to revisit these issues.

Most of Wright's other arguments challenge rulings and the verdict in his assault-on-a-federal-
officer case, 2:17-cr-142-JAD-VCF. *See, e.g.,* ECF No. 304 at 7 ("judge Dorsey should have
been concerned with, how the Government obtained these new indictments against Wright. . .
."); ECF No. 304 at 8–9 (wherein Wright recounts the pretrial motions and disagrees with my
conclusion); ECF No. 304 at 13–14 ("The government filed a motion to keep Wright from
bringing up all the misconduct that has taken place throughout this case and judge Dorsey
granted this motion hendering [sic] Wright from effectively representing himself and to hide the
real reason Wright is in custody . . ."); ECF No. 304 at 15 ("How can Judge Dorsey consider Mr.
Burke's testimony as valid evidence?"). To the extent those arguments are raised in Wright's
pending motion for new trial, I will consider them in the context of that motion. Evaluation of
these issues on their merits is not necessary for resolution of this recusal motion because
disputed rulings are not a valid basis for recusal. *See infra* at p.5.

[11] Wright summarizes at page 16, "Judge Dorsey has allowed the government to get away with
almost every constitutional right garanteed [sic] to Wright by the constitution, she's allowed,
vindictive prosecution, retaliation, callateral [sic] estoppel Double jeopardy . . . . so far judge
Dorsey has allowed every single violation to occur to the point where she is lieing [sic] on record
to cover up the misconduct that is taken place." ECF No. 304 at 16.

[12] Wright's claim that I "aided the government with forcing" his co-defendant Brown "to take
back an affidavit that was filed on November 1, 2018," is without merit. The affidavit was
withdrawn at Brown's request. *See* ECF No. 291 (minutes stating "Defendant withdraws the
affidavit he filed in open court on 11/5/2018 and admits that the facts alleged in the affidavit
were false"); ECF No. 301 at 33 (transcript). And Wright's suggestion that I want him
"convicted because the youtube video," ECF No. 304 at 19, is nonsense, as I've never seen it and
have no opinion about it.

increased when, after he yells over me in hearings and suggests that he will not be following courtroom procedures or rules at this trial, I remind him that his right to self-representation is not absolute and that it will be revoked if he cannot act appropriately during trial.[13] In sum, any time I make a ruling or issue an instruction that Wright disagrees with, he deems it evidence that I am part of the dark and grand conspiracy to falsely convict him of masterminding and directing the armed robberies of two jewelry stores by the handful of recruits who carried them out.[14]

When Wright and I disagree about an event in the procedural history of this case, or he characterizes an event differently than I do, he concludes that I am lying or altering the record of the proceedings.[15] As I have repeatedly reminded Wright in this and his prior case, I do not agree with his views on the record of this prosecution, his characterization of others' statements, or the legal significance of his arguments.[16] Time and limited judicial resources do not allow Wright to continue to re-raise his points over and over again; he has not provided me a basis for reconsideration, and this case must continue to move forward. But Wright subjectively interprets my courtroom administration and insistence on applying the Federal Rules of Criminal

---

[13] *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (noting that "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct"); *United States v. Mack*, 362 F.3d 597 (9th Cir. 2004) (noting that "[d]efendants cannot be allowed to manipulate and control the courtroom by the simple expedient of representing themselves," and recognizing that a defendant "forfeits his right to represent himself in the proceeding" when he acts out).

[14] Four robbery participants have entered pleas based on sworn statements in which they implicate Wright. *See* ECF Nos. 191, 252, 292; ECF No. 94 in 2:18-cr-323-JAD-GWF.

[15] Wright's claim that the court "is covering for" standby counsel and "scrub[bing]" the record of proceedings "because Wright threatened Ms. Williams with going to the bar with those transcripts in his motions for the transcripts" is ridiculous. As the record reflects, Wright's request for transcripts so he could file a bar complaint was denied because he requested CJA funds for those transcripts, and this district's CJA plan does not permit the use of public funds for private bar complaints. *See* ECF No. 150 in 2:17-cr-142-JAD-VCF at 4 & n.14.

[16] *See id.*

4

Procedure and Evidence as me being "more worried about procedures then [sic] the actual facts and the truth of the events surrounding the case . . . ."[17]

As the United States Supreme Court explained in *Liteky v. United States*, "judicial rulings, routine trial administration efforts, and ordinary admonishments" are no basis for recusal.[18] Even "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."[19] And because the law recognizes that judges are human, "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" do not establish bias or partiality.[20] "A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune."[21]

## Conclusion

In short, opinions formed by the judge "in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display deep-seated favoritism or antagonism that would make fair judgment impossible."[22] Wright has made no legitimate showing of such favoritism or antagonism. Indeed, he can't—because none exists.

---

[17] ECF No. 304 at 13.

[18] *Liteky v. United States*, 510 U.S. 540, 555 (1994); s*ee also Matter of Beverly Hills Bancorp,* 752 F.2d 1334, 1341 (9th Cir. 1984) (recognizing that "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis") (citations omitted).

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

Accordingly, IT IS HEREBY ORDERED that Wright's Motion to Disqualify and or Recuse Judge Dorsey from Both of Wright's Cases **[ECF No. 304] is DENIED.** The Clerk of Court is directed to file a copy of this order in 2:17-cr-142-JAD-VCF, as this ruling applies to Wright's duplicate motion filed in that case [*see* ECF No. 153] as well.

Dated: November 26, 2018

_____
U.S. District Judge Jennifer A. Dorsey