# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| United States of America, | Case No.: 2:17-cr-00160-JAD-VCF |
|---|---|
| Plaintiff | **Order denying defendant's motions for trial and hearing transcripts, granting defendant a 30-day extension to file his Rule 29 motion, and rescheduling sentencing** |
| v. | |
| Brian Wright, | |
| Defendant | [ECF Nos. 334, 335, 353, 360, 361] |

After a seven-day jury trial, pro se defendant Brian Wright was convicted of two counts of interference with commerce by robbery, two counts of conspiracy to commit the robberies, and two counts of brandishing a firearm during and in relation to a crime of violence.[1] Wright now moves for a copy of all trial transcripts and to extend the deadline to file a motion for a judgment of acquittal[2] to 30 days from the date he receives the transcripts.[3] Wright also moves for transcript copies from various pre-trial hearings to aid in his Rule 29 motion and his appeal.[4]

I deny Wright's request for trial transcripts. Because I have not yet sentenced Wright and entered judgment in his case, Federal Rule of Appellate Procedure 10 does not yet govern the ordering of transcripts.[5] Wright does not cite—nor did I discover—any authority requiring trial transcripts to be provided prior to appeal for the sake of a Rule 29 motion. Nor has Wright identified a specific reason he would need the trial transcripts for his motion or what transcript

---

[1] ECF No. 349.

[2] *See* Fed. R. Crim. P. 29.

[3] ECF Nos. 334–35, 360–61.

[4] ECF No. 353.

[5] *See* Fed. R. App. P. 10(b)(1) (requiring an appellant to order transcripts "[w]ithin 14 days after filing the notice of appeal"); Fed. R. App. P. 4(b)(1)(A) (stating that a criminal defendant must file a notice of appeal with the district court within 14 days of entry of judgment).

segments he seeks. The court reporter has informed me that it would conservatively take two months to prepare the official transcripts for seven full trial days.[6] Although this time is encompassed by the length of the appeals process, producing the transcripts now—and without a specific purpose—would unnecessarily delay sentencing.

I also deny Wright's motion for the hearing transcripts. I have explained to him on multiple occasions in this case and another case before me that, to the extent he seeks to use the transcripts for appeal, his motion is premature.[7] And as with the trial transcripts, Wright has shown no cause for delaying sentencing in order to obtain the hearing transcripts in support of his Rule 29 motion.

Because Wright timely moved for an extension of time and delayed filing his Rule 29 motion until I ruled on this motion for transcripts, I will grant him 30 days from the date of this order to file a Rule 29 motion. Because his motion will likely not be fully briefed by the currently scheduled sentencing hearing on March 18, 2019, I continue that sentencing hearing to April 15, 2019, at 3:00 P.M. Accordingly,

IT IS HEREBY ORDERED that:

- Wright's motions for **trial transcripts [ECF Nos. 334, 360] and hearing transcripts [ECF No. 353] are DENIED**;
- Wright's motion to **extend time** to file a Rule 29 motion **[ECF Nos. 335, 361]** is **GRANTED in PART**. The deadline for filing a Rule 29 motion is **extended to March 2, 2019**. The government will have **14 days from the date** Wright files

---

[6] Wright incorrectly asserts that the transcripts have already been transcribed because the government ordered daily transcripts. ECF No. 361 at 2. According to the court reporter, the government ordered a transcript only of day five of the trial.

[7] ECF No. 294; 17-cr-142, ECF No. 159 at 14.

2

his motion **to respond**. Wright will then have **7 days from the date of service of that response to file his reply**.

- Good cause appearing, the March 18, 2019, sentencing hearing **is continued to April 15, 2019, at 3:00 P.M.**

Dated: January 30, 2019

_____
U.S. District Judge Jennifer A. Dorsey