UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>Plaintiff<br><br>v.<br><br>Brian Keith Wright,<br><br>Defendant | Case No.: 2:17-cr-00160-JAD-VCF-1<br><br>**Order Denying Motions**<br><br>[ECF Nos. 464, 466] |

Brian Wright was found guilty of aiding and abetting a robbery involving a firearm in 2019, and the Ninth Circuit affirmed his conviction.[1]  That same year, Wright was also found guilty of assault on a federal officer in a separate criminal case, and the Ninth Circuit affirmed that conviction too.[2]  Wright sought habeas relief in the assault case in February 2022.[3]  Because his motion contained no legal argument for modification or vacatur of his sentence and the record conclusively established that he is not entitled to the relief he seeks, I denied his motion without directing a response from the government.[4]  Six months later, Wright filed a "motion requesting this court to grant 2255 due to the government's consent" in the assault case, arguing that "the government conceded to the facts within [his] 2255 due to its 8 months of complete

---

[1] ECF No. 391.

[2] ECF No. 172 (judgment) and ECF No. 221 (Ninth Circuit memorandum affirming judgment) in *United States v. Brian Wright*, 2:17-cr-00142-JAD-VCF.

[3] ECF No. 223 in *Wright*, 2:17-cr-00142-JAD-VCF.

[4] ECF No. 228 in *Wright*, 2:17-cr-00142-JAD-VCF.

silence."[5]  I denied that motion too, explaining that I did not direct the government to respond because Wright's habeas petition was plainly meritless.[6]

Wright filed the same "motion requesting this court to grant 2255 due to the government's consent" in this robbery case.[7] But Wright did not file a habeas motion in this case. As the following image of his filed habeas motion shows, Wright included only one case number in his motion's heading, and so it was only filed in that case:[8]

*[Image of handwritten motion heading: "IN UNITED STATES DISTRICT COURT DISTRICT OF Nevada; Brian K. Wright, Petitioner, v. United States of America, Respondent; Case No. 2:17-cr-00142-JAD-VCF; Motion to Vacate, Set aside, or correct a Sentence. Motion under 28 U.S.C. 2255"; stamped FEB 28 2022, CLERK US DISTRICT COURT DISTRICT OF NEVADA]*

So I deny Wright's motion to "grant [his §] 2255 [motion] due to the government's consent" because no § 2255 motion exists in this case.[9]

---

[5] ECF No. 230 in *Wright*, 2:17-cr-00142-JAD-VCF.
[6] ECF No. 232 in *Wright*, 2:17-cr-00142-JAD-VCF.
[7] ECF No. 464.
[8] ECF No. 223 in *Wright*, 2:17-cr-00142-JAD-VCF.
[9] Even if Wright had filed a habeas motion in this case, I would still deny his motion to grant it due to the government's lack of response. As I explained in my order denying Wright's identical motion in his assault case, the government does not have to respond to § 2255 motions unless the court directs it to do so. *See* ECF No. 232 at 2 in *Wright*, 2:17-cr-00142-JAD-VCF.

Wright also filed a "motion requesting district court to adhere to F.R.A.P and notice of denial of access to the court."[10] In it, he claims that he filed the same § 2255 motion in three of his federal criminal cases but that it did not hit the docket in two of the three.[11] Again, that is because the § 2255 motion he sent to the court included only the case number of one of his cases. If Wright wishes to challenge his various convictions, he must file a separate habeas petition in each case. Indeed, Wright has been previously warned that "any motions [that] he files need to have the correct case number in the caption so they can be properly filed."[12] It is Wright's responsibility—not the court's or the government's—to properly label his motions and ensure that they are filed in the correct case. Further, Wright's motion complains that the government and his prison are "hindering movant's mailing process" but does not identify any relief that this court can provide. So I deny it.

## Conclusion

**IT IS THEREFORE ORDERED** that Brian Wright's motions "for the court to grant 2255 due to the government's consent" and "requesting district court to adhere to FRAP" **[ECF Nos. 464, 466] are DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
January 4, 2023

---

[10] ECF No. 466.

[11] *Id.* at 2.

[12] *See* ECF No. 141 in *Wright*, 2:17-cr-00142-JAD-VCF (minutes of proceedings).

3